IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Timothy Charley, # 265146,<br><br>                    Plaintiff,<br><br>    vs.<br><br>Ms. Moore, Mr. Roberts, and<br>Ms. Simmons,<br><br>                    Defendants. | Civil Action No. 6:14-4591-BHH-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

       The plaintiff is an inmate at the Allendale Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Defendant Moore is a case manager at the Allendale Correctional Institution. Defendant Roberts is a major at the Walden Correctional Institution. Defendant Simmons' occupation is not disclosed in the "party information" section on page 2 of the amended complaint, but the information provided by the plaintiff indicates that her job duties include inmate classification (doc. 9 at 2).

       This civil rights action arises out of what the plaintiff considers to be "the disciplinary action of being removed from Level 1 institution and loss of custody level" (*id*. at 3). It appears that the plaintiff was transferred from a Level 1 minimum security prison to a Level 2 medium security prison. The plaintiff contends that he is, at least, entitled to the minimum protections set forth in various federal cases concerning prison disciplinary proceedings (*id*. at 3–4). In his prayer for relief, the plaintiff seeks restoration of all privileges, $25,000, court costs, and attorney's fees (*id*. at 5).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* amended complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

As earlier stated, the plaintiff contends that his transfer to a Level 2 institution from a Level 1 institution without the convening of a prison disciplinary proceeding violated his Due Process rights. The act of placing a detainee or prisoner in administrative segregation or higher custody is not punitive *per se* because it is rationally connected to legitimate governmental objectives. Courts have recognized that administrative separation or segregation may, for example, serve any number of the following legitimate interests—to protect an inmate's safety, to protect other inmates from a particular inmate, to break up potentially disruptive groups of inmates, or simply to await later classification or transfer. *Merriweather*, 586 F. Supp. 2d at 557–58; *see also McKune v. Lile*, 536 U.S. 24, 26 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise"); *cf. Keeler v. Pea*, 782 F. Supp. 42, 43–44 (D.S.C. 1992) (South Carolina law confers no protected liberty interest upon inmates of the SCDC from being classified, or being placed in administrative segregation, in a particular prison, or in a particular section of a prison).

2

The public inmate database on the SCDC website (http://public.doc.state.sc.us/scdc-public/inmateDetail, last visited on Jan. 23, 2015) indicates that the plaintiff is serving a 15 year sentence for an armed robbery conviction entered in the Court of General Sessions for Orangeburg County (No. 2004-GS-38-1055). The public inmate database indicates that the plaintiff, while in SCDC, has had only one formal disciplinary infraction—for disrespect on March 24, 2009, which resulted in the loss of telephone and canteen privileges for 60 days. This court may take judicial notice of the SCDC public inmate database. *See Mitchell v. Newsom*, Civil Action No. 3:11-0869-CMC-PJG, 2011 WL 2162723, *3 n. 1 (D.S.C. May 10, 2011) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records), *adopted by* 2011 WL 2162184 (D.S.C. June 1, 2011)

It is not clear from the amended complaint what, if any, incident gave rise to the plaintiff's transfer. If there was an incident that gave rise to the plaintiff's transfer, it did not result in formal disciplinary proceedings or increase the duration of the plaintiff's confinement on his armed robbery conviction. *See O'Bar v. Pinion*, 953 F.2d 74, 83 (4th Cir. 1991) ("Changes in prisoners' location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges are matters contemplated within the scope of his original sentence to prison."); and *Vice v. Harvey*, 458 F. Supp. 1031, 1034 (D.S.C. 1978) ("a prisoner may be transferred to another institution for administrative (*Meachum*, *Cooper*) or disciplinary (*Montanye*) reasons without a hearing, absent a state statute giving such prisoner a reasonable expectation that he will remain where he is confined").

3

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. The plaintiff's attention is directed to the Notice on the next page.

January 28, 2015                                       s/ Kevin F. McDonald
Greenville, South Carolina                         United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).