IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Timothy Charley, # 265146, | ) | Civil Action No.: 6:14-4591-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND OPINION** |
| vs. | ) | |
| | ) | |
| Ms. Moore, Mr. Roberts and Ms. Simmons, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, Timothy Charley, proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. This civil rights action arises out of what Plaintiff describes as the violation of his procedural due process rights by "the disciplinary action of being removed from Level I [minimum security] institution and loss of custody level." (ECF No. 9 at 3.) Specifically, Plaintiff alleges that Defendants failed to provide him with "twenty-four (24) hour notice of disciplinary hearing, and fail[ed] to provide [him] with a disciplinary hearing." (*Id.*) Such notice and hearing, Plaintiff alleges, "would have allowed him to call forth witnesses, and present evidence in his defense, when consistent with institutional safety and correctional goals." (*Id.*) Furthermore, Plaintiff alleges he has not been provided with any writing or evidence detailing the reasons for the "disciplinary action." (*Id.*) Finally, Plaintiff distinguishes his alleged plight from other inmates that have had certain custody privileges revoked pursuant to a hearing but later regained their Level I custody through good behavior. (*Id.*) Plaintiff contends that he has a state-created "liberty interest in his right to be heard, his right to a 24 hour notice, his right to call forth witnesses and present evidence in his defense," as well as "the right to see what evidence the defendants have against him, and the fact finder's report which should have been [a] written statement

detailing the evidence." (*Id.* at 3-4; *see also* ECF No. 1 at 1.) As a result, Plaintiff is seeking restoration of all privileges, $25,000, court costs, and attorney's fees. This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 for the District of South Carolina.

On January 28, 2015, the Magistrate Judge issued a Report and Recommendation recommending that this case be dismissed without prejudice and without service of process (ECF No. 21), noting that "[t]he act of placing a detainee or prisoner in administrative segregation or higher custody is not punitive *per se* because it is rationally connected to legitimate governmental objectives." The Magistrate Judge further observed, "It is not clear from the amended complaint what, if any incident gave rise to the plaintiff's transfer. If there was an incident that gave rise to the plaintiff's transfer, it did not result in formal disciplinary proceedings or increase the duration of the plaintiff's confinement on his armed robbery conviction." (*Id.* at 3; citing *O'Bar v. Pinion*, 953 F.2d 74, 83 (4th Cir. 1991) ("Changes in prisoners' location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges are matters contemplated within the scope of his original sentence to prison."); *Vice v. Harvey*, 458 F. Supp. 1031, 1034 (D.S.C. 1978) ("a prisoner may be transferred to another institution for administrative (*Meachum*, *Cooper*) or disciplinary (*Montanye*) reasons without a hearing, absent a state statute giving such prisoner a reasonable expectation that he will remain where he is confined.").)

Plaintiff filed a timely objection to the Report (ECF No. 23) on February 9, 2015. In his objection, Plaintiff calls the Court's attention to specific language in the Report and

argues that the Magistrate Judge's own reasoning acknowledges that "an administrative separation, segregation, or transfer must be connected to legitimate governmental objectives or interests or it results in a violation of due process." (*Id.* at 2.) Moreover, Plaintiff avers that "if this Court dismissed this case without determining whether the Plaintiff's transfer was in fact within the scope of a legitimate governmental interest or objective, it would deny him due process, equal protection, and his right to be heard." (*Id.*)

The Magistrate Judge makes only a recommendation to the District Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the District Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a pro se litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that the Court must assume the

existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012). Plaintiff's timely objection does allege specific errors in the Magistrate Judge's analysis; thus, the Court has conducted the requisite *de novo* review.

Having reviewed the pleadings, the Report, and Plaintiff's objection *de novo*, the Court agrees with the Magistrate Judge that Plaintiff's claims against Defendants are subject to summary dismissal. In *Sandin v. Conner*, the U.S. Supreme Court ruled that prisoners have a liberty interest in avoiding confinement conditions that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. 472, 484 (1995). The Supreme Court reaffirmed the *Sandin* standard in *Wilkinson v. Austin*, 545 U.S. 209 (2005). In the recent case of *Incumaa v. Stirling*, the Fourth Circuit Court of Appeals provided a helpful explication of the *atypical and substantially harsh* test from *Sandin*:

> Whether confinement conditions are atypical and substantially harsh "in relation to the ordinary incidents of prison life" is a "necessarily . . . fact specific" comparative exercise. *Beverati v. Smith*, 120 F.3d 500, 502, 503 (4th Cir.1997); *accord Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir.2003) ("There is no single standard for determining whether a prison hardship is atypical and significant, and the condition or combination of conditions or factors . . . requires case by case, fact by fact consideration." (alteration in original) (internal quotation marks omitted)). In [*Prieto v. Clarke*, 780 F.3d 245, 249 (4th Cir. 2015)], we recognized that the *Sandin* standard contains two parts. *Cf. Prieto*, 780 F.3d at 253–54. First, we determine what the normative "baseline" is: what constitutes the "ordinary incidents of prison life" for this particular inmate? *Id.* at 253 ("What the inmates in *Beverati* could expect to experience and what *Prieto* can expect to experience differ significantly. . . . For conditions dictated by a prisoner's conviction and sentence are the conditions constituting the 'ordinary incidents of prison life' for that prisoner.") Then, with the baseline established, we determine whether the prison conditions impose atypical and substantial hardship in relation to that norm. *See id.* at 254 (holding that Prieto's death row confinement did not impose atypical and significant hardship in relation to the ordinary incidents of prison life).

*Incumaa*, 791 F.3d 517, 527 (4th Cir. 2015).

In this case, the mere assertion that a transfer to a different detention facility and a "loss of custody level" is a "disciplinary action," does not make it so, and Plaintiff has not provided even the slightest detail about why his confinement scenario is, in his view, unreasonable. Indeed, Plaintiff has not alleged confinement conditions other than general population. The Court is not convinced that any constitutionally protected liberty interest has been implicated, and Plaintiff has not explained what conditions of his confinement, if any, are atypical or unduly burdensome. Rather, his claim boils down to his personal disagreement with being transferred out of a minimum security confinement facility. Section 1983 litigation does not provide a vehicle for Plaintiff to challenge his custody classification level in the abstract. Under even the most generous construal, Plaintiff has not plead sufficient facts to set forth a cognizable claim. Accordingly, the Court accepts the Magistrate Judge's recommendation and this action is DISMISSED without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Bruce Howe Hendricks<br>United States District Judge

January 5, 2016
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.